UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITA HINES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:17-CV-01395-JAR |
| | ) |
| BAYER CORPORATION, et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER OF REMAND

This is one of several cases filed in the Circuit Court of the City of St. Louis, Missouri, against Defendants Bayer Corporation, Bayer Healthcare LLC, Bayer Essure, Inc., and Bayer Healthcare Pharmaceuticals, Inc. (collectively "Bayer") seeking damages for injuries resulting from the use of the contraceptive device Essure, and removed to this district. Courts in this district have remanded many of these cases back to the state court.[1] This matter is before the Court on Plaintiffs' Motion to Remand (Doc. 16). Bayer has filed a Motion to Dismiss for Lack

---

[1] See Whitlock v. Bayer Corp., No. 4:16CV1913 (SPM), 2017 WL 564489 (E.D. Mo. Feb. 13, 2017); Erhart v. Bayer Corp., No. 4:16CV1946 (SNLJ), ECF No. 36 (E.D. Mo. Feb. 8, 2017); Mcpeters v. Bayer Corp., No. 4:16-CV-1680 (SPM), 2017 WL 57250 (E.D. Mo. Jan. 5, 2017); Dotson v. Bayer Corp., No. 4:16CV01593 (PLC), 2017 WL 35706 (E.D. Mo. Jan. 4, 2017); Hall v. Bayer Corp., No. 4:16CV1523 (CEJ), 2017 WL 86011 (E.D. Mo. Jan. 10, 2017); Tabor v. Bayor Corp., No. 4:16CV1682 (RWS), ECF No. 38 (E.D. Mo. Dec. 16, 2016); Jones v. Bayer Corp., No. 4:16CV1192 (JCH), 2016 WL 7230433 (E.D. Mo. Dec. 14, 2016); Williams v. Bayer Healthcare, LLC, No. 4:16CV1105 (RLW), 2016 WL 7235701 (E.D. Mo. Dec. 13, 2016); Tenny v. Bayer Healthcare, LLC, No. 4:16CV1198 (RLW), 2016 WL 7235705 (E.D. Mo. Dec. 13, 2016); Mounce v. Bayer Corp., No. 4:16CV1478 (RLW), 2016 WL 7235707 (E.D. Mo. Dec. 13, 2016); Robb v. Bayer Healthcare, LLC, No. 4:16CV1727 (RLW), 2016 WL 7234708 (E.D. Mo. Dec. 13, 2016); Dorman v. Bayer Corp., No. 4:16CV601 (HEA), 2016 WL 7033765 (E.D. Mo. Dec. 2, 2016). The Court notes that Bayer petitioned for permission to appeal the remand order in several of these cases, which the Eighth Circuit denied. In addition, on at least one occasion, Bayer's removal was remanded *sua sponte* because the Court found it lacked subject matter jurisdiction from the face of the complaint. See Johnson v. Bayer Corp., No. No. 4:16-CV-729 (CEJ), 2016 WL 3015187 (E.D. Mo. May 26, 2016).

1

of Jurisdiction (Doc. 4) and Motion to Sever (Doc. 7). Plaintiffs have filed a Motion to Stay (Doc. 18), requesting that the Court stay the proceedings on all other issues or motions except Plaintiffs' Motion to Remand. The Motion to Remand is fully briefed and ready for disposition.

**I.  Background**

Plaintiffs filed their action on March 1, 2017, seeking damages for injuries sustained as a result of the implantation and use of Essure, a contraceptive device manufactured by Bayer. In their complaint, as amended pre-removal, Plaintiffs bring state law claims for Negligence, Negligence Per Se, Negligent Misrepresentation, Failure to Warn, Manufacturing Defect, Common Law Fraud, Constructive Fraud, Fraudulent Concealment, Breach of Express Warranty, Breach of Implied Warranty, Violation of Consumer Protection Laws, Violation of Missouri Products Liability laws, Violation of the Missouri Merchandising Practices Act, and Gross Negligence/Punitive Damages.

As support for their state law claims, Plaintiffs allege, in relevant part, that Bayer violated provisions of the Federal Food, Drug and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 et seq., and related provisions of the Code of Federal Regulations ("CFR"). The 57 Plaintiffs reside in multiple states, including Missouri, Indiana, Pennsylvania, and New Jersey. Defendant Bayer Corporation is a citizen of Indiana, where it is incorporated, and Pennsylvania, where it has its principal place of business[2]; Defendant Bayer Healthcare LLC is a limited liability company formed under the laws of Delaware whose members are citizens of Delaware, New Jersey, Pennsylvania, the Netherlands, and Germany; Defendants Bayer Essure Inc. and Bayer Healthcare Pharmaceuticals, Inc. are citizens of Delaware and New Jersey.

---

[2] Defendants assert that since January 1, 2017, Bayer Corporation's principal place of business has been in New Jersey (Doc. No. 1 at ¶ 26).

On April 26, 2017, Bayer removed the action to this Court on the basis of diversity jurisdiction, see 28 U.S.C. § 1332; federal question jurisdiction, see 28 U.S.C. §§ 1331; and mass action jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), see 28 U.S.C. § 1332(d) (Doc. 1). Despite the lack of complete diversity on the face of the complaint, Bayer contends there is complete diversity if the Court ignores the citizenship of the non-diverse Plaintiffs who, Bayer asserts, were fraudulently joined or fraudulently misjoined. Bayer further argues the Court should dismiss the claims of the non-Missouri Plaintiffs for lack of personal jurisdiction or, alternatively, under the doctrine of *forum non conveniens*.

Plaintiffs move to remand the case to state court, arguing that the Court should address subject matter jurisdiction before personal jurisdiction and remand for lack of subject matter jurisdiction because complete diversity does not exist and because their claims are not fraudulently joined. Plaintiffs further argue that CAFA does not confer the Court with diversity jurisdiction because in order to propose a joint trial under CAFA, 100 or more plaintiffs must be joined in a single complaint or move to consolidate multiple complaints. Plaintiffs contend that neither has occurred, thereby barring jurisdiction under CAFA. Furthermore, Plaintiffs argue that no federal question arises from their complaint.

**II.     Legal standard**

An action is removable to federal court if the claims originally could have been filed in federal court. 28 U.S.C. § 1441; In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005). A case must be remanded if, at any time, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). Any doubts about the propriety

of removal are resolved in favor of remand. Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007).

**III.    Discussion**

Bayer contends the Court can and should consider the threshold issue of personal jurisdiction before determining whether the Court has subject matter jurisdiction over this case. In similar Essure device cases, judges in this district have consistently resolved the subject-matter jurisdiction issues first, upon concluding that personal jurisdiction issues require a more fact-intensive inquiry than the straightforward issue of subject-matter jurisdiction. See, e.g., Dotson, 2017 WL 35706, at *3 (collecting cases); see also, Whitlock, 2017 WL 564489, at *2; Hall, 2017 WL 86011, at *2. Upon consideration, the Court will do so here, where the inquiry regarding subject matter jurisdiction is straightforward. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587-88 (1999).

Bayer also urges the Court to consider *forum non conveniens* issues prior to subject-matter jurisdiction issues, because dismissing the non-Missouri Plaintiffs' claims on *forum non conveniens* grounds would leave only completely diverse parties before the Court. Bayer argues that each non-Missouri Plaintiff has an adequate alternative forum in her home state. Because the subject-matter jurisdiction issues are not arduous or difficult, the Court declines to resolve issues of *forum non conveniens* prior to subject-matter jurisdiction issues. Dotson, 2017 WL 35706, at *3 (citing Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 436 (2007) ("When a district court 'can readily determine that it lacks jurisdiction over the cause or the defendant, … the proper course would be to [resolve the action] on that ground.'"). The Court will consider each of the bases for federal subject matter jurisdiction asserted in Bayer's Notice of Removal.

### A. Diversity jurisdiction

Removal based on diversity jurisdiction requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). There is no dispute that the amount in controversy is over $75,000. Likewise, the parties agree that Plaintiffs' complaint does not allege complete diversity between the parties. Nevertheless, Bayer argues this Court has diversity jurisdiction because the non-Missouri Plaintiffs' claims are fraudulently misjoined.

"Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." In re Prempro, 591 F.3d at 620 (citing 14B Charles Alan Wright et al., Federal Practice and Procedure § 3723, at 788–89 (4th ed. 2009)). "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." Id. (citation omitted). Fraudulent misjoinder is a more recent exception to the complete diversity rule and "occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a non-diverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other." Id. (internal quotation omitted).

The Eighth Circuit has not yet determined whether fraudulent misjoinder is a valid basis for removal. In re Prempro, 591 F. 3d at 622. In Prempro, plaintiffs filed three lawsuits asserting state law tort and contract claims against defendant companies that manufactured and marketed hormone replacement therapy (HRT) drugs. The defendants removed the cases to federal court alleging diversity jurisdiction. The defendants maintained that plaintiffs' claims were

fraudulently misjoined because they did not arise out of the same transaction or occurrence as required by Federal Rule of Civil Procedure 20(a).

The Eighth Circuit declined to either adopt or reject the fraudulent misjoinder doctrine, holding that "even if we adopted the doctrine, the plaintiffs' alleged misjoinder in this case is not so egregious as to constitute fraudulent misjoinder." Id. In reaching this conclusion, the court considered those plaintiffs' claims arose from a series of transactions involving the HRT manufacturers and users, and that common questions of law and fact were likely to arise in the litigation, particularly on the issue of causation, i.e., the existence of a link between the HRT drugs and plaintiffs' injuries. Id. at 623. The court concluded that, "[b]ased on the plaintiffs' complaints, we cannot say that their claims have 'no real connection' to each other such that they are egregiously misjoined." Id. (distinguishing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996), and declining to apply the fraudulent misjoinder doctrine "absent evidence that plaintiffs' misjoinder borders on a 'sham.'").

Courts in this district have relied on Prempro and concluded that the joinder of numerous plaintiffs alleging injury from the Essure device was not "egregious misjoinder." See e.g., Whitlock, 2017 WL 564489, at *2; Dotson, 2017 WL 35706, at *4; Jones, 2016 WL 7230433, at *3; Dorman, 2016 WL 7033765, at *1. The Court concludes that application of the fraudulent misjoinder doctrine would be inappropriate here as well. Plaintiffs' claims are focused on the same product, arise out of the same development, distribution, marketing, and sales practices for that product, and have common issues of law and fact that are likely to arise in the litigation. While there are certainly differences between Plaintiffs' claims (Plaintiffs had the device implanted by different physicians, at different times, and allege different injuries), those

6

differences do not render the joinder here "egregious" and certainly do not suggest that the joinder "borders on a sham." Whitlock, 2017 WL 564489, at *3.

In addition, to the extent Bayer contends that fraudulent joinder exists because the non-Missouri Plaintiffs cannot subject Bayer to general or specific personal jurisdiction in Missouri, the Court notes that in this district, courts have repeatedly held that an alleged lack of personal jurisdiction does not establish fraudulent joinder. See, e.g., Williams, 2016 WL 7235701, at *2-3; Tenny, 2016 WL 7235705, at *3; Dorman, 2016 WL 7033765, at *2. The Court follows the approach taken by these courts and finds Bayer has failed to establish fraudulent joinder in this case. Because the fraudulent misjoinder doctrine does not apply here and the parties are not completely diverse, the Court finds that diversity jurisdiction does not exist.

### B. Federal question jurisdiction

In its notice of removal, Bayer also invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331, asserting that Plaintiffs' claims depend on the resolution of a substantial, disputed federal question and that the exercise of jurisdiction will not disrupt the balance between federal and state jurisdiction adopted by Congress. Bayer argues the Court has federal question jurisdiction because Plaintiffs' state law claims turn on whether Bayer violated federal regulatory requirements and the federal law questions do not arise only in the context of a preemption defense. Plaintiffs respond that there is no private federal cause of action for violations of the FDCA and that violations of the FDCA alleged as part of a state cause of action are not sufficiently "substantial" to support federal question jurisdiction. See Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808-17 (1986). Plaintiffs further respond that this action is brought pursuant to an exception to 21 U.S.C. § 360k(a) that allows "parallel" traditional state tort claims, citing Riegel v. Medtronic, Inc., 552 U.S. 312, 321-30 (2008) and Medtronic Inc. v.

Lohr, 518 U.S. 470, 495 (1996). To the extent Bayer pursues a preemption argument, Plaintiffs contend the state courts may handle such issues.

In other Essure cases removed to this district, this Court has consistently rejected Bayer's federal question jurisdiction argument. Dotson, 2017 WL 35706, at *6 (collecting cases). For the reasons set forth in those well-reasoned decisions, the Court concludes that the federal issues raised in Plaintiffs' complaint based on state law are not substantial and are not capable of resolution without disrupting the federal-state balance approved by Congress. Therefore, the Court declines to exercise federal question jurisdiction.

### C. Jurisdiction under CAFA

Finally, Bayer argues that federal jurisdiction is proper under CAFA. Under CAFA's "mass action" jurisdictional provision, federal courts have jurisdiction over certain civil actions "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i). Although this case involves only fifty-seven plaintiffs, Bayer argues that this case should be considered along with other similar Essure cases filed in this district to form a single mass action involving more than 100 plaintiffs. It argues that these cases are part of the same mass action because these complaints contain the same substantive allegations, allege the same causes of action, were filed by the same counsel, and were filed in the same jurisdiction. Bayer argues that Plaintiffs cannot avoid removal under CAFA by artificially separating their plaintiffs into groups of fewer than 100 plaintiffs.

However, the instant case does not involve the claims of 100 or more persons, and there is no indication in the record that this case will be consolidated or that Plaintiffs wish to have this case tried jointly with any other cases. The fact that there is nothing in the record to suggest that

Plaintiffs here have made any attempt to consolidate this case with any other Essure cases against Bayer distinguishes this case from the Eighth Circuit's decision in <u>Atwell v. Boston Scientific Corp.</u>, 740 F.3d 1160 (8th Cir. 2013).

In <u>Atwell</u>, the Eighth Circuit recognized that "state court plaintiffs with common claims against a common defendant may bring separate cases with fewer than 100 plaintiffs each to avoid federal jurisdiction under CAFA" unless "plaintiffs proposed to try their separate cases jointly." <u>Atwell</u>, 740 F.3d at 1162–63 (emphasis added). Bayer seems to suggest that even though Plaintiffs have made no attempt to consolidate this case with other Essure cases, this Court should nevertheless treat all of the Essure cases filed by the same lawyers as one action. However, this would contravene both the letter and the spirit of the mass action provisions of CAFA.

Furthermore, Bayer's argument has been repeatedly rejected by courts in this district. <u>See</u>, e.g., <u>Whitlock</u>, 2017 WL 564489; <u>Jones</u>, 2016 WL 7230433; <u>Tenny</u>, 2016 WL 7235705; <u>Hammonds v. Monsanto Co.</u>, No. 4:11 CV 1660 DDN, 2011 WL 5554529 (E.D. Mo. Nov. 15, 2011) ("Defendants' theory is contravened by the plain language of CAFA which, by its clear terms, restricts "mass actions" to suits involving 100 or more plaintiffs."). The Court finds the reasoning in those cases persuasive; and, for all of the reasons set out above, concludes that CAFA cannot form a basis for subject matter jurisdiction.

**IV. Conclusion**

For these reasons, the Court concludes that it lacks subject matter jurisdiction over this case. This conclusion is supported by the well-reasoned opinions of other courts in this district, rejecting substantially similar arguments raised by Bayer in attempts to remove cases involving the Essure device to federal court. The Court will, therefore, grant Plaintiffs' motion to remand.

Any remaining questions about personal jurisdiction or improper joinder may be addressed by the state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court for the City of St. Louis under 28 U.S.C. § 1447(c). The Clerk of the Court is directed to mail to the clerk of the Circuit Court for the City of St. Louis a certified copy of this Memorandum and Order.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** without prejudice as moot.

Dated this 12th day of June, 2017.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**